**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ROBERT MILLER, #866293, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-CV-223-JDK-JDL |
| UNIVERSITY OF TEXAS MEDICAL BRANCH, *et al*., | § § § § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.  On May 4, 2020, the Magistrate Judge issued a Report and Recommendation (Docket No. 5) recommending that the action be dismissed with prejudice for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)—but without prejudice as to the refiling of his lawsuit without seeking *in forma pauperis* status.  The Magistrate Judge further recommended that Plaintiff's lawsuit be dismissed as barred pursuant to the sanction order in *Miller v. University of Texas Medical Branch Hospital, et al*.; No. 6:18-cv-41-C, (N.D. Tex. Nov. 13, 2018).  A return receipt indicating delivery to Plaintiff was received by the Clerk on May 15, 2020 (Docket No. 6).

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).  Here,

Plaintiff did not file objections in the prescribed period. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews his legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Court records show that Plaintiff has filed at least four previous lawsuits or appeals that were dismissed as frivolous or for failure to state a claim upon which relief can be granted before filing this lawsuit in April 2020. *See Miller v. Diggs*, No. 5:98-cv-324 (N.D. Tex. Sept. 14, 2000), *appeal dismissed* No. 00-11145 (5th Cir. Dec. 21, 2000); *Miller v. Freeman*, No. 5:00-cv-116 (N.D. Tex. July 5, 2001); *Miller v. McCrary*, No. 5:00-cv-376 (N.D. Tex. Aug. 24, 2011); *Miller v. Richards*, No. 1:97-cv-592 (E.D. Tex. Nov. 25, 1997); *Miller v. Franklin*, No. 5:11-cv-149-C (N.D. Tex. Aug. 24, 2011).

Several additional cases have been dismissed pursuant to the "three strikes" provisions of 28 U.S.C. § 1915(g): *Miller v. UTMB*, No. 6:16-cv-436, 2016 WL 3267346 (E.D. Tex. June 15, 2016); *Miller v. UTMB*, No. 6:15-cv-382 (E.D. Tex. Oct. 21, 2015); *Miller v. UTMB*, No. 1:13-cv-337 (E.D. Tex. Feb. 12, 2014); *Miller v. UTMB*, No. 4:13-cv-1184 (S.D. Tex. Apr. 30, 2013); *Miller v. UTMB*, No. 4:11-cv-2421 (S.D. Tex. June 30, 2011), *appeal dismissed*, No. 11-20575 (5th Cir. Nov. 2, 2011); *Miller v. UTMB*, No. 4:10-cv-3873 (S.D. Tex. Jan. 27, 2011).

On November 13, 2018, the Northern District of Texas, San Angelo Division, in *Miller v. University of Texas Medical Branch Hospital, et al.*, No. 6:18-cv-41-C, issued an order barring Plaintiff from filing any new civil action or lawsuit in that court or any other court unless and until

he obtains advanced written permission from a United States District Judge or Fifth Circuit Judge expressly authorizing the filing of such lawsuit or civil action. The court further instructed Plaintiff that any request for permission to file a lawsuit must be accompanied by (a) a proposed, completed complaint on the proper form; and (b) payment in full of the applicable filing fee. *Miller*, No. 6:18-cv-41-C, Docket No. 7. Plaintiff was also warned that "further filings of frivolous or malicious complaints shall result in the imposition of additional sanctions, including but not limited to, monetary sanctions." *Id.* at 3. Since the entry of the Order barring Plaintiff from filing suit without authorization from a district judge or the Fifth Circuit, Plaintiff has had the following suits dismissed as barred: *Miller v. University of Texas Medical Branch, et al.*, No. 5:19-cv-0012-C (N.D. Tex. Jan. 13, 2019), and *Miller v. Bustos*, No. 5:20-cv-167 (E.D. Tex. May 21, 2020).

This Court is bound by sanctions imposed by the United States Court of Appeals for the Fifth Circuit and honors sanctions imposed by other federal district courts in the State of Texas. *See* General Order No. 94-6 (E.D. Tex. Feb. 2, 1994); *Balawajder v. Scott*, 160 F.3d 1066, 1068 (5th Cir. 1998) (explaining that a district court does not abuse its discretion in honoring sanctions imposed by other district courts). This Court takes the sanctions imposed by a sister district or court seriously and will not disregard a sanction that has been imposed.

Plaintiff did not present any authorization from a District Judge or the Fifth Circuit prior to filing the current lawsuit. He further failed to present payment in full of the applicable filing fee ($400) when he filed this suit. He has failed to comply with the District Court's Order in *Miller v. University of Texas Medical Branch Hospital, et al.*; No. 6:18-cv-41-C, (N.D. Tex. Nov. 13, 2018). Pursuant to the sanction order entered in *Miller v. University of Texas Medical Branch Hospital, et al.*; No. 6:18-cv-41-C, (N.D. Tex. Nov. 13, 2018), Plaintiff's lawsuit should be dismissed as barred.

Having reviewed the Magistrate Judge's Report and Recommendation, the Court finds no clear error or abuse of discretion and no conclusions contrary to law.  The Court therefore adopts the Report and Recommendation of the United States Magistrate Judge (Docket No. 5) as the findings of this Court.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 5) be **ADOPTED** and that the above-styled civil action be **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)—but **DISMISSED WITHOUT PREJUDICE** as to the refiling of his lawsuit without seeking *in forma pauperis* status for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g).

The Court further finds that Plaintiff is an experienced and vexatious *pro se* litigant who has been warned that "recreational litigation has its price," including a complete bar to filing pleadings without leave of Court and monetary sanctions.  *Gelabert v. Lynaugh*, 894 F.2d 746, 748 (5th Cir. 1990).  In light of Plaintiff's continued failure to comply with 28 U.S.C. § 1915(g) and his flagrant disregard for the integrity of the federal judicial system, the Court is of the opinion that further sanctions are appropriate and necessary to deter Plaintiff from further abusing the judicial system by filing documents in direct violation of court orders and therefore wasting judicial resources.  *Vinson v. Texas Board of Corrections*, 901 F.2d 474 (5th Cir. 1990).  It is therefore further **ORDERED**:

(1) Pursuant to 28 U.S.C. § 1915(b) and *Williams v. Roberts*, 116 F.3d 1126 (5th Cir. 1997), the full filing fee of $400.00 is assessed against Plaintiff and shall be paid by the agency having custody of Plaintiff in monthly installments as provided in 28 U.S.C. § 1915(b).

(2) The agency having custody of Plaintiff shall deduct 20% of each deposit made to Plaintiff's inmate trust account and forward payments to the Court on a regular basis provided the

account exceeds $10.00.

(3) Plaintiff Robert Miller is **BARRED** from filing any new civil action or lawsuit in this Court or any other court that is removable or transferrable to this Court unless and until he obtains advanced written permission from a United States District Judge or Fifth Circuit Judge expressly authorizing the filing of such lawsuit or civil action.  Any request for permission to file a lawsuit must be accompanied by (a) a proposed, completed complaint on the proper form; and (b) payment in full of the applicable filing fee.  Plaintiff is **WARNED** that further filings of frivolous or malicious complaints shall result in the imposition of additional sanctions, including but not limited to, monetary sanctions.

(4) The Clerk shall not file or return any motions or other pleadings submitted by Plaintiff in this Civil Action No. 6:20-cv-223-JDK, except for a notice of appeal, which must be accompanied by the appeal fee of $505.00.  Plaintiff shall not be granted leave to proceed *in forma pauperis* on appeal in this civil action.

(5) Any pending motions are **DENIED**.

(6) A copy of this Order shall be mailed to the Office of General Counsel, TDCJ-ID Litigation Support, P.O. Box 13084, Austin, Texas 78711, and to the TDCJ Local Funds Division, P.O. Box 629, Huntsville, Texas 77342-0629.

So **ORDERED** and **SIGNED** this **16th**  day of  **June, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE